**BARTHEL LEGAL, APC**
Nicholas Barthel, Esq. (319105)
nick@barthelbarthel.com
2173 Salk Ave., Ste. 250
Carlsbad, CA 92008
Telephone: (760) 259-0033
Facsimile: (760) 536-9010

*Attorney for Plaintiff*
*Elisabeth Haby,*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ELISABETH HABY,**<br><br>Plaintiff<br><br>v.<br><br>**GREENSKY, LLC; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION, LLC;**<br><br>Defendants | Case No.: **'24CV0164 DMS MMP**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>A. **FAIR CREDIT REPORTING ACT;**<br><br>B. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT;**<br><br>C. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Despite countless disputes directly and indirectly to GreenSky, LLC ("GreenSky") regarding its erroneous accounting and credit reporting, GreenSky continued to refuse to fix its records and continued to attempt to collect more than was owed from Plaintiff.

2. With no other options, plaintiff Elisabeth Haby ("Plaintiff") was required to file this lawsuit to correct what should have been a fixed months ago.

3. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. Cal. Civ. Code §§ 1788.1 (a)-(b).

4. Plaintiff also brings this action to challenge the actions of Experian Information Solutions, Inc. ("Experian"); Trans Union, LLC; ("Trans Union"); ("Experian"); Equifax Information Services LLC ("Equifax") (collectively "Credit Bureaus") continued reporting of GreenSky's claim that Plaintiff owes a debt that she never obtained, despite knowing that such reporting was inaccurate and misleading.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

//

7. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

8. Any violations by each Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 due to federal causes of action under 15 U.S.C. § 1681; and, 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendants' violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"); the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1, *et seq.* ("CCCRAA"); the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.* ("RFDCPA").

12. Because Defendants conduct business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in San Diego, California.

15. GreenSky is a lender located in the State of Georgia that sought to collect a consumer debt that was alleged to be due and owing from Plaintiff.

16. Equifax is a limited liability company located in the State of Georgia.

17. Trans Union is a limited liability company located in the State of Illinois.

18. Experian is a corporation operating from the State of California.

## FACTUAL ALLEGATIONS

19. On or about April 2022, Plaintiff sought a spa treatment totaling $5,600. Plaintiff could pay $800 cash and sought financing for the remaining $4,800.

20. Plaintiff obtained a loan from GreenSky with a credit limit of $6,000, however only needed to utilize $4,800 of the loan.

21. On or about April 2, 2022, GreenSky paid Revive Med Spa directly for these spa services. The amount borrowed was $4,800.

22. Plaintiff informed GreenSky that she would like to repay this $4,800 over 12 months in equal payments.

23. However, instead of these monthly payments, on or about April 26, 2022 GreenSky withdrew the entirety of the $4,800 at once from Plaintiff's bank account without Plaintiff's consent. Such a large sum caused Plaintiff's account to be overdrawn.

24. Plaintiff brought this to GreenSky's attention and GreenSky issued a refund check to Plaintiff in the amount of $4,800 to replenish her account.

25. However, instead of showing as one loan of $4,800, GreenSky now claimed that Plaintiff had borrowed $9,600, which was $3,600 above the high credit limit of the loan.

26. To make matters worse, GreenSky charged interest based on the incorrect principal and continued to withdraw $480 each month from Plaintiff's bank account.

27. On or about July of 2023 Plaintiff realized that GreenSky was still taking $480 from her bank account each month.

28. Plaintiff brought the issue to GreenSky's attention. GreenSky admitted the issue and stated that it would fix it.

29. For several months, GreenSky continued to claim that they were going to fix the issue, but then GreenSky would continue to take $480 out of Plaintiff's account.

30. By October 2023, the issue was still not resolved and GreenSky had now taken $3,360 more than Plaintiff borrowed.

### CREDIT REPORTING

31. On or about October 2023, Plaintiff was dismayed to find that not only was GreenSky stealing her money, but GreenSky was also reporting on her credit that she had borrowed a total of $9,242, which was $3,242 above the credit limit.

32. Furthermore, despite having already paid off the $4,800 borrowed, GreenSky was claiming that Plaintiff still owed GreenSky an additional $4,030.

33. On or about October 23, 2023, Plaintiff drafted a detailed dispute letter where Plaintiff explained that the total loaned amount should only be $4,800 and that she does not owe GreenSky anything as it has already withdrawn over $8,000 from her bank account.

34. Included with this letter, Plaintiff provided the April 3, 2022 statement showing that only $4,800 was borrowed; a letter from Revive Med Spa showing that they only received $4,800; GreenSky's transaction history showing that Plaintiff has already paid over $8,000; and Plaintiff's personal bank accounts showing she did not receive any funds from GreenSky besides its replenishment of the $4,800 it withdrew in one lump sum.

35. Plaintiff mailed these disputes and attachments to the Credit Bureaus.

36. On information and belief, the Credit Bureaus received these written disputes shortly thereafter and notified GreenSky of the disputes.

37. GreenSky was then required to conduct a reasonable reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681s-2(b)(1)(A).

38. The Credit Bureaus were also required to conduct their own reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

//

39. Plaintiff received notifications from Equifax and Trans Union that the furnisher and these credit bureaus received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and were providing the results of the reinvestigation.

40. Despite receipt of Plaintiff's disputes, GreenSky, Equifax and Trans Union continued to inaccurately report that Plaintiff had borrowed $9,600 and still owed more than $3,000 on the account.

41. Experian never responded to Plaintiff's dispute letter, which violated 15 USC § 1681i.

42. To date, GreenSky' inaccurate credit reporting remains on the Credit Bureaus' credit reports.

43. GreenSky submits inaccurate credit information regarding Plaintiff to the Credit Bureaus every thirty days.

44. The Credit Bureaus did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

45. Defendants' investigations were unreasonable.

46. More specifically, GreenSky should have discovered from their own records, including Plaintiff's informal and formal disputes, that the information being reported was inaccurate and materially misleading since Plaintiff did not borrow more than the first $4,800.

47. Similarly, the Credit Bureaus should have known that the reporting was inaccurate based on GreenSky's records that Plaintiff provided the Credit Bureaus with her dispute.

48. Plaintiff contends that it was unreasonable for Defendants to not contact Plaintiff for further information if needed or to reach out to Revive Med Spa.

49. Accordingly, GreenSky failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

//

50. GreenSky failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

51. Due to GreenSky's failure to reasonably investigate, GreenSky further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

52. By inaccurately reporting account information after notice and confirmation of its errors, GreenSky failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

53. Through this conduct, GreenSky violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that GreenSky knew or should know was inaccurate or misleading.

54. Plaintiff's continued efforts to correct Defendants erroneous and negative reporting by communicating Plaintiff's disputes with the Credit Bureaus were fruitless.

55. Defendants continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was willful.

56. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was reckless.

57. Defendants' failure to correct the previously admitted inaccuracies on Plaintiffs' credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting inaccurate information.

58. Accordingly, Defendant willfully and negligently failed to comply with Defendants' respective duties to reasonably investigate Plaintiff's dispute.

//

59. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

60. Defendants' conduct has caused Plaintiff's non-economic damages.

61. Plaintiff has spent countless hours disputing this inaccurate information with Defendants in an attempt to provide any and all information needed for the investigations.

62. While Plaintiff was thorough in Plaintiff's disputes at all times, Defendants merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

63. Plaintiff's anxiety; frustration; stress; anger; lack of sleep; and nervousness continues to this day because Plaintiff's credit report still shows as owing GreenSky money and in fact GreenSky continues to reach out to Plaintiff in attempts to collect this inaccurate debt.

64. Despite Plaintiff's repeated attempts, Defendants continue to report an invalid debt to Plaintiff's credit report.

65. As a direct and proximate result of Defendant's willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, mental and emotional pain and anguish, and humiliation. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

66. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

67. Similarly, Credit Bureaus also received documents in connection with Plaintiff's dispute that directly contradicted the inaccurate credit reporting.

68. These documents should have caused these Credit Bureaus to remove the inaccurate information from Plaintiff's credit report.

//

69. By intentionally reporting continuing obligations, the Credit Bureaus acted in conscious disregard for Plaintiff's rights.

70. To report an ongoing obligation despite the inaccurate nature of the debt shows that Defendant took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

71. Since Plaintiff's efforts to be absolved of the inaccurate debt were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681-1681X (FCRA)

## [AGAINST ALL DEFENDANT]

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. As discussed above, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

74. GreenSky is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

75. Credit Bureaus are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

76. The previously described acts and omissions constitute numerous and multiple violations of the FCRA.

77. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

78. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

## COUNT II
## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
## CAL. CIV. CODE § 1785.1, ET SEQ.
## [AGAINST GREENSKY]

79. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

80. As discussed above, Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(c).

81. Credit Bureaus are each a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

82. Defendant is a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

83. As detailed above, the causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

84. The previously mentioned acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

85. In the regular course of its business operations, GreenSky routinely furnishes information to credit reporting agencies pertaining to transactions between GreenSky and their consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

86. Because GreenSky is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), GreenSky is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

87. Since GreenSky received many disputes over the phone and all documents required to determine the inaccuracy of their reporting in a formal dispute, GreenSky should have known to update said reporting.

88. GreenSky also should have determined that their reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

## COUNT III
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, (RFDCPA)
## CAL. CIV. CODE §§ 1788-1788.32
## [AGAINST GREENSKY]

89. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

90. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

91. GreenSky in the ordinary course of business, regularly, on behalf of themselves or others, engages in "debt collection" as that term is defined by

California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

92. The previously described acts and omissions constitute numerous and multiple violations of the RFDCPA.

93. Specifically, through this conduct, GreenSky violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, GreenSky violated Cal. Civ. Code § 1788.17.

94. Through this conduct, GreenSky violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, GreenSky violated Cal. Civ. Code § 1788.17.

95. Through this conduct, GreenSky violated 15 U.S.C. § 1692e(8) by reporting credit information regarding Plaintiff that GreenSky knew or should have known to be inaccurate. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, GreenSky violated Cal. Civ. Code § 1788.17.

96. Through this conduct, GreenSky violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, GreenSky violated Cal. Civ. Code § 1788.17.

97. Through this conduct, GreenSky violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, GreenSky violated Cal. Civ. Code § 1788.17.

98. Through this conduct, GreenSky violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted

by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, GreenSky violated Cal. Civ. Code § 1788.17.

99. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from GreenSky.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each respective defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), for each incident of willful noncompliance of the FCRA;
- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), for each incident of willful noncompliance to the FCRA;
- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), for each incident of negligent noncompliance of the FCRA;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) for each incident of noncompliance of the FCRA;
- Punitive damages according to proof as to the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A);

- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d);
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- Punitive damages according to proof as to CCCRAA;
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and,
- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

100. Pursuant to the United States' Constitution, Plaintiff is entitled to, and demands, a trial by jury.

Dated: 23 January 2024                                          Respectfully submitted,

**BARTHEL LEGAL, APC**

By: _/s/ Nicholas Barthel___
NICHOLAS R. BARTHEL, ESQ
ATTORNEY FOR PLAINTIFF

https://www.barthelbarthel.com/